UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO LOPEZ-AGUILAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARION COUNTY SHERIFF'S DEPARMENT, SHERIFF JOHN R. LAYTON, in both his official capacity and his individual capacity, and SERGEANT DAVIS, in his individual capacity, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

CASE NO.  1:16-cv-2457-SEB-TAB

**STIPULATED FINAL JUDGMENT
AND ORDER FOR PERMANENT INJUNCTION**

This Court has held that seizing someone based solely on a request from United States Immigration and Customs Enforcement ("ICE") officials would violate the Fourth Amendment absent probable cause that the person has committed a crime. *See Buquer v. City of Indianapolis*, No. 1:11-cv-00708-SEB-MJD, 2013 WL 1332158, at *10-*11 (S.D. Ind. Mar. 28, 2013) (concluding that neither a removal order from an immigration court nor a detainer request from ICE provides lawful cause for arrest under the Fourth Amendment).

Mr. Lopez-Aguilar alleges that he was seized by a sergeant with the Marion County Sheriff's Department on September 18, 2014. Dkt. 1. According to Mr. Lopez-Aguilar, he was not charged with any criminal offense and was seized based solely on a request from ICE that he be held until he could be transferred to ICE custody. *Id.* He alleges that the Sheriff's Department held him in custody before turning him over to ICE, and he seeks a declaration that

detaining him based solely on an ICE request without probable cause to believe he committed a crime violated the Fourth Amendment. *Id.* He also seeks damages and attorneys' fees. *Id.*

Although this Court's reasoning in the *Buquer* case answers the central legal question presented here, the facts are disputed. The Defendants contest whether they seized Mr. Lopez-Aguilar at all—they contend that the sergeant merely asked Mr. Lopez-Aguilar to walk from the courtroom to an area behind the courtroom where an ICE agent took custody of him. They also vigorously dispute whether the law was sufficiently established in this Circuit at the time of Mr. Lopez-Aguilar's alleged seizure to overcome a qualified immunity defense to his damages claims against the individual-capacity defendants. In sum, although the rationale underlying *Buquer* entitles the plaintiff to declaratory relief, it is not clear whether the actual facts in this case could give rise to a damages recovery.

In order to clarify the Sheriff's obligations under the law and to put this litigation fully to rest, the parties stipulate to entry of this Final Judgment and Order for Permanent Injunction. The Court, having considered the relevant law and this stipulated judgment, **HEREBY ORDERS, ADJUDGES, AND DECREES** as follows:

1.  Mr. Lopez-Aguilar brings his claims under 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment rights. He also alleges state-law claims for false arrest and false imprisonment and seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

2.  This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 2201. It has pendant jurisdiction over the state-law claims under 28 U.S.C. § 1367.

3.  Venue is proper in this district under 28 U.S.C. § 1391.

    4.      An actual controversy exists between the parties regarding whether any defendant violated Mr. Lopez-Aguilar's Fourth Amendment rights.

    5.      Mr. Lopez-Aguilar alleges that he was seized for Fourth Amendment purposes based solely on a request from ICE that he be detained until he could be transferred to ICE custody. He claims that the alleged seizure violated his Fourth Amendment rights.

    6.      When this Court decided *Buquer*, it reasoned that a seizure based solely on a removal order from an immigration court or a detention request from ICE would violate the Fourth Amendment. *Buquer*, 2013 WL 1332158, at *10-*11. It therefore enjoined an Indiana statute permitting law enforcement officers to make arrests for matters that are not crimes—like civil immigration violations—because such seizures "run[] afoul of the Fourth Amendment."[1] *Id.* at *10. The Court specifically noted that possession of a removal order or an ICE detainer does not provide lawful grounds for a Fourth Amendment seizure. *Id.* at *11.

    7.      Here, however, the parties are not in agreement as to whether any defendant ever seized Lopez-Aguilar. It is also contested whether the law was clearly established in this Circuit

---

[1] The Court's injunction in the *Buquer* case bound only the State of Indiana—not local law enforcement agencies. But the reasoning in that case applies equally to a claim like Mr. Lopez-Aguilar's. Other parties and jurisdictions around the country have reached similar conclusions in similar cases. *See Galarza v. Szalczyk*, 745 F.3d 634, 638-39 (3d Cir. 2014) (noting defendants' concession at oral argument); *Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 465 (4th Cir. 2013) ("Lower federal courts have universally—and we think correctly—interpreted *Arizona v. United States* as precluding local law enforcement officers from arresting individuals solely based on known or suspected civil immigration violations."); *Melendres v. Arpaio*, 695 F.3d 990, 1000 (9th Cir. 2012) ("Absent suspicion that a 'suspect is engaged in, or is about to engage in, criminal activity,' law enforcement may not stop or detain an individual."); *Mercado v. Dallas Cnty., Tx.*, --- F. Supp. 3d ----, 2017 WL 169102, at *7 (N.D. Tex. Jan. 17, 2017) (noting that allegation of continued detention based solely on belief that plaintiff had committed civil immigration violation plausibly stated a Fourth Amendment claim); *Davila v. N. Reg'l Joint Police Bd.*, Nos. 2:13-cvv-00070, 2:14-00070, 2014 WL 3735631, at *2 (W.D. Pa. July 28, 2014) (noting basis for courts to conclude that "a local jail's policy of detaining individuals solely on ICE detainers" could be unconstitutional); *Miranda-Olivares v. Clackamas Cnty.*, No. 3:12-cv-02317-ST, 2014 WL 1414305, *10 (D. Or. Apr. 11, 2014) ("It is undisputed that she could and would have posted bail but for the County's custom and practice of continued detention upon receipt of the ICE detainer. . . . [T]he continued detention exceeded the scope of the Jail's lawful authority over the released detainee, constituted a new arrest, and must be analyzed under the Fourth Amendment.").

3

at the time of the alleged seizure—a requirement for Mr. Lopez-Aguilar to overcome a qualified immunity defense.

8. The parties therefore agree that, through this stipulated final judgment, Mr. Lopez-Aguilar is abandoning his claims for damages under Section 1983, his claim for attorneys' fees, and his state-law tort claims. The individual capacity claims against Sheriff John Layton and Sergeant Davis and the state-law claims are therefore **DISMISSED WITH PREJUDICE.**

9. The parties further agree, and the analysis underlying *Buquer* requires, that declaratory relief is appropriate. It is **HEREBY DECLARED** that seizures by the defendants based solely on detention requests from ICE (in whatever form) or removal orders from an immigration court violate the Fourth Amendment unless ICE supplies, or the defendants otherwise possess, probable cause that the individual to be detained has committed a *criminal* offense.

10. The parties further agree that the declaratory relief entered in Paragraph 9 entitles Mr. Lopez-Aguilar to permanent injunctive relief as authorized under 28 U.S.C. § 2202. It is therefore **ORDERED** that the Marion County Sheriff's Department and John Layton, in his official capacity as the Marion County Sheriff, are **PERMANENTLY ENJOINED** from seizing or detaining any person based solely on detention requests from ICE (in whatever form) or removal orders from an immigration court unless ICE supplies a warrant signed by a judge or otherwise supplies probable cause that the individual identified in the detainer has committed a *criminal* offense. For the avoidance of doubt, an ICE request that the Sheriff's Department seize or hold an individual in custody based solely on a civil immigration violation does not justify a Fourth Amendment seizure.

4

**SO ORDERED.**

Date: _____

                                                Hon. Sarah Evans Barker
                                                United States District Court
                                                Southern District of Indiana

**Distribution: All counsel of record via ECF**

**SO STIPULATED:**

   */s/ Andrew J. Upchurch*
Andrew J. Upchurch
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Rm. 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: andrew.upchurch@indy.gov

   */s/ Anthony W. Overholt (with permission)*
Anthony W. Overholt
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, Indiana 46244
Telephone: (317) 237-3800
Fax: (317) 237-3900
Email: aoverholt@fbtlaw.com

   */s/ Gavin M. Rose (with permission)*
Gavin M. Rose
Jan P. Mensz
ACLU of Indiana
1031 East Washington Street
Indianapolis, Indiana 46202
Telephone: (317) 635-4059
Fax: (317) 635-4105
grose@aclu-in.org
jmensz@aclu-in.org